UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MBNA AMERICA BANK N.A., | : | |
| | : | Civil Action No. 07-281 (HAA) |
| Plaintiff, | : | |
| v. | : | |
| PAUL COHEN, | : | **REPORT AND RECOMMENDATION** |
| Defendant. | : | |

**SALAS, United States Magistrate Judge**

## I.  INTRODUCTION

Before this Court is plaintiff MBNA America Bank N.A.'s ("MBNA") motion to remand (Docket Entry # 3), referred to the undersigned by the Honorable Harold A. Ackerman, United States District Judge, for report and recommendation.  For the reasons set forth below, the undersigned recommends that this Court remand this action to the Superior Court of New Jersey – Bergen County Vicinage (the "Superior Court").

## II.  BACKGROUND

This action began in the Superior Court as four separate actions brought by MBNA to confirm different arbitration awards. (See Def.'s Opp'n. Br. 6).  Said state actions included: (1) MBNA America Bank, N.A. v. Paul S. Cohen, Docket No. BER-L-1713-06; (2) MBNA America Bank, N.A. v. Paul S. Cohen, BER-L-1754-06; (3) MBNA America Bank, N.A. v. Paul S. Cohen, Docket No. BER-DC-3056-06; and (4) MBNA America Bank, N.A. v. Paul S. Cohen, Docket No. BER-L-1585-06. (Id.)  On September 6, 2006, the four actions were consolidated before the Honorable Richard J. Donohue, J.S.C. (Id. at 6; Pl.'s Br., Ex. A,

September 6, 2006 Order for the [sic] Consolidation, Reconsideration, and Clarification).

On September 22, 2006, the Superior Court held a hearing that culminated in a comprehensive October 6, 2006 Order. (Pl.'s Br. 7; Def.'s Br., Ex. G, October 6, 2006 Order For Plaintiff [sic] and Defendant [sic] Motions For Reconsideration and Management of Discovery Period Prior to Summary Judgment Motion ("October 6, 2006 Order")). First, said Order established a procedure for disposition of the sundry motions[1] pending prior to consolidation. (Id.) The October 6, 2006 Order also compels MBNA to hold all collection activity in abeyance with respect to judgments entered in the actions bearing docket numbers DC-003056-06 and L-001585-06. (Id.) Finally, the Order also established a framework for limited discovery and set the matter down for a "summary proceeding" on December 13, 2006. (Id.)

It is not clear if the summary proceeding actually took place on December 13, 2006. On January 18, 2007, defendant Paul Cohen ("Cohen") removed this civil action from the Superior Court of New Jersey and filed a separate civil action in this Court [Civil Action No. 07-280 (HAA) (ES)] against MBNA, Bank of America, N.A., Wolpoff & Abramson, LLP, Pressler & Pressler, the National Collection Attorney Network, and a fictitious individual alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA Action"). Cohen's notice of removal alleges that the claims raised in this action are so related to the claims raised in the separate FDCPA Action that, "this Court has supplemental jurisdiction

---

[1] Specifically, Judge Donohue stayed consideration of the following motions: (1) Cohen's motion for reconsideration to vacate judgment entered in the action bearing Docket No. L-001585-06; (2) MBNA's motion to reinstate a default judgment entered in the action bearing docket number L-001713-06; (3) MBNA's motion for reconsideration to reinstate default judgment entered in the action bearing docket number L-001754-06; (4) Cohen's motion for reconsideration to vacate summary judgement in the action bearing docket number DC-003056-06

under 28 U.S.C. § 1367(a)." (Notice of Removal ¶ 3 ).

On February 18, 2007, MBNA filed the motion to remand now before this Court. MBNA argues that: (1) Cohen failed to remove the State Action within the 30-day time set forth in 28 U.S.C. § 1446, (2) that the State Action is devoid of claims arising under federal law, (3) that Cohen's reliance upon 28 U.S.C. § 1367 is misplaced, and (4) that the Full Faith and Credit Act coupled with the *Rooker-Feldman* doctrine bar Cohen from seeking appellate review of state court decisions in federal court. Cohen's opposition takes exception to the arguments raised by MBNA and elaborates as to why he believes the supplemental jurisdiction statute is an appropriate source of removal jurisdiction. According to Cohen, "[t]he factual issues in both cases are inextricably intertwined and ought to be heard and decided in one case." (Def.'s Opp'n. Br. 17).

### III.   DISCUSSION

#### A.   Legal Standard

On a motion to remand, this Court considers its own authority to hear a case consistent with the restrictions set forth in 28 U.S.C. § 1441(a). *Railway Labor Executive Ass'n. v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 940-41 (3d Cir. 1988). As the party seeking to preserve federal jurisdiction, Defendant carries the burden of establishing that removal was proper. *Boyer v. Snap-On Tools Co.*, 913 F.2d 108, 111 (3d Cir. 1992). In assessing Defendant's proof, district courts must construe the relevant statutes strictly in favor of remand. *Ferraro v. Bell Atlantic Co.*, 955 F.Supp. 354, 356 (D.N.J. 1997) (Fisher, J.) (citing *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1267 (3d Cir. 1994)).

Pursuant to § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States..." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58,63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Stated differently, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have brought it here in the first instance.  Thus, actions that could have been brought in federal court on diversity of citizenship grounds (pursuant to 28 U.S.C. § 1332) and those that raise federal questions (pursuant to 28 U.S.C. § 1331) are "removable." *Id*.

To effectuate removal, the defendant must, amongst other things, file "a short plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  Defendant must file this notice of removal within thirty days of receipt, through service of otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  28 U.S.C. § 1446(b).  When an action that was not initially removable later becomes removable, the defendant must file a notice of removal within thirty days after receipt of an amended pleading, motion, order, or other paper from which the defendant could first ascertain that the case has become subject to federal subject matter jurisdiction.  *Id*.  After the defendant effectuates the notice provisions set forth in 28 U.S.C. § 1446, the federal district court acquires full and exclusive subject matter jurisdiction over the litigation.  28 U.S.C. § 1446(d).

Thereafter, a party can move to remand the action back to state court.  If the predicate of a motion to remand is a defect in a defendant's execution of the removal procedure, the moving party must file said motion within thirty days of the defendant's filing of the notice of removal.  28 U.S.C. § 1447(c).  The same statute that sets forth this temporal limitation also makes clear that a defendant cannot waive the right to seek remand on the grounds that there is

no federal subject matter jurisdiction. Indeed, this Court has "a continuing obligation to monitor jurisdiction" and can order remand *sua sponte* upon finding that neither federal question nor diversity of citizenship jurisdiction exist in a removed action. *Steel Valley Authority v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed sub nom American Standard, Inc. v. Steel Valley Authority*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.E.2d 756 (1988); *see also Mitchell v. Village Super Market, Inc.*, 926 F.Supp. 476 (D.N.J. 1996).

      **B.**     **Analysis**

Here, Cohen fails to demonstrate that MBNA could have brought this action in federal court in the first instance. Stated differently, both his notice of removal and opposition papers are silent as to how this Court has federal question or diversity jurisdiction over ***this*** civil action. (See e.g., Def.'s Opp'n. Br. 16). Instead, Cohen explains how this Court has subject matter jurisdiction over the FDCPA Action – a completely separate action. (Id.) He proceeds to reason that because this Court has subject matter jurisdiction over the FDCPA Action, we can exercise supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a). (Id. at 16-19).

This reasoning reflects Cohen's erroneous assumption that he can use the supplemental jurisdiction statute to manufacture federal subject matter jurisdiction where it does not otherwise exist by filing a separate action the includes claims arising under a federal statute. *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa. 1995). ("[section 1367] is not, ..., an independent source of removal jurisdiction ... [a]n already existing federal action cannot provide the mechanism for removal of a non-removable state-court action"). Other federal courts have considered and rejected the very tactic Cohen attempts to employ here. *Ahearn v. Charter*

*Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996); *accord Motion Control Corp. v. SICK, Inc*. 354 F.3d 702, 706 (8th Cir. 2003).  In fact, one district court even noted, "[a]lmost every single authority to address this issue has concluded that the supplemental jurisdiction statute cannot be used in this manner." *McClelland v. Longhitano*, 140 F.Supp.2d 201, 203 (N.D.N.Y. 2003) (citing *Brown v. Prudential Ins. Co. of Am.,* 954 F.Supp. 1582, 1584 (S.D.Ga.1997) (holding that supplemental jurisdiction does not provide the original jurisdiction necessary for removal under § 1441); *Keene v. Auto Owners Ins. Co.,* 78 F.Supp.2d 1270, 1274 (S.D.Ala. 1999) ("a defendant may not invoke the supplemental jurisdiction statute to bootstrap an otherwise unremovable action into federal court").

Like the defendants in the cases cited above, Cohen's reading of 28 U.S.C. § 1367 expands the meaning of the supplemental jurisdiction statute beyond the bounds of its plain language.  Section 1367 provides in part, "the district courts shall have supplemental jurisdiction over all ***other claims*** that are so related to claims in the action within [the federal court's] original jurisdiction that they form part of the same case or controversy under Article III." (emphasis added).  Congress chose its words carefully.  Notwithstanding Cohen's vehement argument to the contrary, "other claims" does not mean "other actions."  *McClelland*, 140 F.Supp.2d at 203 ("[o]n its face, 28 U.S.C. § 1367 distinguishes between actions and claims").  The language of the supplemental jurisdiction statute does not reflect congressional intent to "alter the rule that '[o]nly state-court actions that originally could have been filed in state court may be removed to federal court by the defendant.'" *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa. 1995) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.E.2d 318 (1987)).

Furthermore, the time for Cohen to remove this action from the Superior Court has expired. Pursuant to 28 U.S.C. § 1446(b), Cohen must file a notice of removal within thirty days of his receipt of the first notice that this action falls within the purview of federal subject matter jurisdiction. Here, said notice came in the form of Judge Donohue's September 6, 2006 Order for Consolidation, Reconsideration and Clarification (the "Consolidation Order"). Upon entry of the Consolidation Order, this action became an action between citizens of different states with an amount in controversy in excess of $75,000.00. Thus, Cohen could have filed a notice of removal citing 28 U.S.C. § 1332 as the predicate of this Court's subject matter jurisdiction within thirty days of the Superior Court's September 6, 2006 entry of the Consolidation Order. By failing to do so, Cohen waived his right to remove this action to federal court.

Finally, the Court will briefly address MBNA's argument that the Full Faith and Credit Act and the *Rooker-Feldman* doctrine bar this Court from exercising jurisdiction. Suffice it to say, both are inapposite. As the Supreme Court recently held, "the Full Faith and Credit Act, 28 U.S.C. § 1738, ..., requires the federal court to give the same preclusive effect to a state-court judgment as another court of the State would give." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 1527, 161 L.E.2d 454 (2005) (internal quotations omitted). Thus, it is a preclusion doctrine and "preclusion, of course, is not a jurisdictional matter." *Id.* (citing Fed. R. Civ. P. 8(c) and noting that it lists *res judicata* as an affirmative defense).

Likewise, MBNA's reference to the *Rooker-Feldman* doctrine is also misplaced. The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate under a

congressional grant of authority." *Exxon Mobil*, 544 U.S. at 291-92, 125 S.Ct. at 1526. Thus, this Court would only apply *Rooker-Feldman* after finding that this is an action that we "would otherwise be empowered to adjudicate." As explained above, this is not such an action. Accordingly, and mindful of the Supreme Court of the United States's express directive to confine the doctrine to the cases from which it acquired its name, the undersigned finds the *Rooker-Feldman* doctrine inapposite. *Id*. at 284.

## IV.   CONCLUSION

For the reasons set forth above, this Court should **GRANT** Plaintiff's motion to remand this action to the Superior Court of New Jersey. Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas  
**ESTHER SALAS**  
**UNITED STATES MAGISTRATE JUDGE**

.