NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MBNA AMERICA BANK N.A., | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 07-281 (HAA) |
| v. | **OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| PAUL COHEN, |  |
| Defendants. |  |

Mitchell L. Williamson, Esq.
Ralph Gulko, Esq.
PRESSLER & PRESSLER, LLP
16 Wing Drive
Cedar Knolls, New Jersey 07927
*Attorneys for Plaintiffs*

Philip D. Stern, Esq.
75 Main Street
Millburn, New Jersey 07041
*Attorney for Defendant*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the motion to remand filed by Plaintiff MBNA America Bank, N.A. ("MBNA"). The Court referred this motion to Magistrate Judge Esther Salas, who entered a written Report and Recommendation ("R&R") on August 15, 2007. Magistrate Judge Salas recommended that MBNA's motion be granted and that this case be remanded to the Superior Court of New Jersey. The docket indicates that both MBNA and Cohen have been served with the R&R, and that no objections to the R&R have been filed within

1

the 10-day period established by Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(c)(2).

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.* at 878.

This Court has carefully reviewed Magistrate Judge Salas's R&R. As Magistrate Judge Salas observed, Cohen has failed to demonstrate that MBNA could have brought this action in federal court in the first instance. Instead, Cohen erroneously argues that the supplemental jurisdiction statute applies because a separate action filed by Cohen in federal court, No. 07-280, is based on federal question jurisdiction. This Court agrees with Magistrate Judge Salas that the courts are nearly unanimous in concluding that Cohen's tactic is an impermissible attempt at application of the supplemental jurisdiction statute. Furthermore, as Magistrate Judge Salas noted, Cohen had to file a notice of removal within thirty days of September 6, 2006, but Cohen did not file such notice until January 2007. In summary, after a thorough review of the record and the R&R, the Court agrees with Magistrate Judge Salas's reasoning and conclusions.

It is therefore hereby ORDERED that Magistrate Judge Salas's August 15, 2007 Report and Recommendation is ADOPTED and Plaintiff's motion to remand is GRANTED. It is hereby further ORDERED that this case is REMANDED to the Superior Court of New Jersey.

Newark, New Jersey
Dated: October 30, 2007 /s Harold A. Ackerman
U.S.D.J.